# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH

LEONARD YOUNG,  )
                )
      Plaintiff,  )   2:19-cv-00401
                )
    vs.  )   Chief United States Magistrate Judge
                )   Cynthia Reed Eddy
ALLEGHENY HEALTH NETWORK,  )
DOCTOR GAIL KUBRIN,  )
                )
                )
      Defendants.  )

## MEMORANDUM ORDER[1]

Before the Court is the Motion to Dismiss filed by defendants Allegheny Health Network and Dr. Gail Kubrin (ECF No. 27), the Response in opposition filed by Plaintiff (ECF Nos. 28 and 29), the Reply Brief filed by Defendants (ECF No. 31), and the Sur-Reply filed by Plaintiff. (ECF No. 33). For the reasons that follow, the motion will be denied.

At all relevant times, Plaintiff, Leonard Young, was a pretrial detainee at Allegheny County Jail. According to the Amended Complaint (ECF No. 10), from September 5, 2018, through approximately November 25, 2018, Plaintiff was housed in ACJ's mental health unit in what he describes as a "glass walled observation cell with only a suicide smock/gown and/or blanket." Am. Compl. at ¶ 7. He brings this civil rights action against the defendants alleging that defendants, while acting under color of state law pursuant to 42 U.S.C. § 1983, violated his constitutional rights when he was subjected to unwarranted and lengthy periods of mechanical restraints, and deprived of "any form of hygiene, mattress, shower, cell cleaning, or basic

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 24 and 25).

necessities, cold with feces covering the air vents and on the wall" and subjected to constant cell illumination.  Am. Compl. at ¶ 8.  He further alleges that these actions were taken as a direct result of the orders of defendant Dr. Gail Kubri, whose orders were issued as punishment in retaliation for Plaintiff's complaints/grievances about his treatment.   Defendants have filed a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

The Supreme Court of the United States has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted.  The Supreme Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests."  *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).   In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and " 'naked assertion[s]' devoid of 'further factual enhancement.' "  *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient.  *Id*. at 679.  The Court of Appeals for the Third Circuit has summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim*." Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the

elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the amended complaint, when taken as true, allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*.  See also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2019). Accordingly,

**AND NOW, this 19th day of February, 2020,** after due consideration to defendants' motion to dismiss the amended complaint, and the response in opposition, the reply. and the sur-reply,  **IT IS HEREBY ORDERED** that defendants' motion to dismiss **IS DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

It is further **ORDERED** that Defendant Allegheny Health Network is **DISMISSED** from this lawsuit pursuant to Federal Rule of Civil Procedure 41, as Plaintiff has represented that he

desires to voluntarily dismiss this defendant based on its lack of personal involvement.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     **LEONARD YOUNG**
        QA-0396
        SCI SOMERSET
        1600 Walters Mill Road
        Somerset, PA 15510
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)